

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,278-01 & 84,278-02

### EX PARTE MARCUS PURNELL WILHITE, Applicant

## ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 1141857-A & 1178148-A IN THE 208TH DISTRICT COURT
FROM HARRIS COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined. YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated robbery and sentenced to fifteen years' imprisonment on each count. The Fourteenth Court of Appeals affirmed his convictions. *Wilhite v. State*, Nos. 14-09-00913-CR & 14-09-00918-CR (Tex. App.—Houston [14th Dist.] July 29, 2010) (not designated for publication).

Applicant contends, among other things, that trial counsel rendered ineffective assistance. Without making credibility findings or other specific findings of fact in response to Applicant's

ineffective assistance of trial counsel claim, the trial court concluded that Applicant's pleas were voluntary and that Applicant had not demonstrated that counsel was ineffective. The trial court recommended that we deny relief. We believe that the trial court's findings of fact and conclusions of law are not sufficient to resolve Applicant's claims.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether counsel's conduct was deficient and her deficient conduct prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 15, 2016
Do not publish